```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


STEPHEN CESLIK,                     :
                                    :
     Plaintiff,                     :
                                    :
     v.                             :    CASE NO. 3:04CV2045 (AWT)
                                    :
MILLER FORD, INC., aka              :
MILLER FORD-NISSAN-VW,              :
                                    :
     Defendant.                     :
```

RULING ON PLAINTIFF'S MOTION FOR CONTEMPT, DEFAULT AND SANCTIONS

Pending before the court is plaintiff's Motion for Contempt, Default and Sanctions for Defendant's Falsely Certifying to the Court (doc. #167). In the motion, plaintiff claims that defendant falsely certified to the court that it sent copies of certain filings to the plaintiff on December 22, 2005. Plaintiff further alleges that the defendant fabricated a certified mail receipt to support its claim that the documents had been mailed. For the following reasons, the motion is DENIED.

"A party may not be held in contempt unless the order violated by the contemnor is clear and unambiguous, the proof of non-compliance is clear and convincing, and the contemnor was not reasonably diligent in attempting to comply." EEOC v. Local 638, 81 F.3d 1162, 1171 (2d Cir. 1996). "In the context of civil contempt, the clear and convincing standard requires a quantum of proof adequate to demonstrate a 'reasonable certainty' that a violation occurred." Levin v. Tiber Holding Corp., 277 F.3d 243,

250 (2d Cir. 2002). The violation need not be willful, but it must be demonstrated that "the contemnor was not reasonably diligent in attempting to comply." Local 638, 81 F.3d at 1171.

A magistrate judge lacks the power to issue a final civil contempt order. Collins v. Foreman, 729 F.2d 108, 117 (2d Cir. 1984). A magistrate judge's jurisdiction is limited to investigating and certifying the facts relevant to any contemptuous conduct to the district judge for final determination. 28 U.S.C. § 636(e)(B); Church v. Steller, 35 F. Supp. 2d 215, 217 (N.D.N.Y. 1999) (on a motion for contempt, a magistrate judge functions only to "certify the facts" to the district judge); Stein Indus., Inc. V. Jarco Indus., Inc., 33 F. Supp. 2d 163, 165 (E.D.N.Y. 1999).

In determining whether to certify facts, a magistrate judge may conduct a hearing on the issue of certification. Church, 35 F. Supp. 2d at 217; see also World Food Sys., Inc. V. BID Holdings, Ltd., No. 98 CIV. 8515, 2001 WL 1661925 (S.D.N.Y. Dec. 28, 2001) (magistrate judge held hearing on whether to certify facts to district judge). However, "[a] Magistrate Judge may not conduct a hearing on whether or not a party should be held in contempt." Tenen v. Winter, No. 94-934S, 1996 WL 947560,*8 (W.D.N.Y. July 23, 1996); see also Taberer v. Armstrong World Indus., Inc., 954 F.2d 888, 903 (3d Cir. 1992) (magistrate judge improperly held "show cause" hearing prior to issuing order certifying facts and referring proceedings to the district judge; district judge

improperly relied upon factual findings of magistrate judge). Neither of the parties have requested a hearing on the instant motion for contempt.

Plaintiff has presented no admissible evidence that the defendant has made a false certification to the court.[1] Plaintiff presents only the affidavit of Ronald Steger, who alleges that he was present with the plaintiff when the plaintiff questioned a Post Office clerk about whether the information had in fact been sent via certified mail on December 22, 2005. (Doc. #167, Ex. 2.) The out-of-court testimony of the postal clerk is hearsay. See Fed. R. Evid. 801, 802. Evidence that would not be admissible under established federal rules regarding the competency of evidence at trial may not be considered on a motion for contempt. See United States v. Bukowski, 435 F.2d 1094, 1105-06 (7th Cir. 1970) ("the standard for proof of guilt assumes the competency of the evidence considered in testing its sufficiency. We see no grounds for departing in contempts from established federal rules regulating the competency of evidence"); 17 C.J.S. Contempt § 89 ("Under the general rules of evidence which are applicable in civil or criminal proceedings, evidence which is not competent, relevant, and

---

[1] The court notes that this issue was previously raised and discussed during an oral argument on February 8, 2006. Counsel for the defendant represented to the court that the documents in question (compliance with discovery requests) had been mailed to the plaintiff on several occasions, including on December 22, 2005.

3

material is inadmissible in a contempt proceeding").

The plaintiff has not met his burden of proving by "clear and convincing" evidence that the defendant violated a "clear and unambiguous" order of the court.  <u>Local 638</u>, 81 F.3d at 1171. Accordingly, the court declines to certify the facts to the assigned district judge, as contemplated by 28 U.S.C. § 636(e). For the same reasons, the court denies the plaintiff's motion for default and for sanctions.

SO ORDERED at Hartford, Connecticut this 5th day of June, 2006.

```
               _____/s/_____
               Donna F. Martinez
               United States Magistrate Judge
```