```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT
```

STEPHEN CESLIK,                  :
                                 :
    Plaintiff,                   :
                                 :
    v.                           :     CASE NO. 3:04CV2045 (AWT)
                                 :
MILLER FORD, INC., aka           :
MILLER FORD-NISSAN-VW,           :
                                 :
    Defendant.                   :

<u>RULING ON PLAINTIFF'S MOTION FOR SANCTIONS AND CONTEMPT</u>

Pending before the court is plaintiff's Motion Sanctions and Contempt (doc. #253). In the motion, plaintiff requests that the defendant and its counsel be sanctioned and held in contempt for not producing a complete copy of the plaintiff's personnel file and for alleged lies to the court about whether the personnel file had been produced.

"A party may not be held in contempt unless the order violated by the contemnor is clear and unambiguous, the proof of non-compliance is clear and convincing, and the contemnor was not reasonably diligent in attempting to comply." <u>EEOC v. Local 638</u>, 81 F.3d 1162, 1171 (2d Cir. 1996). "In the context of civil contempt, the clear and convincing standard requires a quantum of proof adequate to demonstrate a 'reasonable certainty' that a violation occurred." <u>Levin v. Tiber Holding Corp.</u>, 277 F.3d 243, 250 (2d Cir. 2002). The violation need not be willful, but it must be demonstrated that "the contemnor was not reasonably diligent in

attempting to comply." Local 638, 81 F.3d at 1171.

A magistrate judge lacks the power to issue a final civil contempt order. Collins v. Foreman, 729 F.2d 108, 117 (2d Cir. 1984). A magistrate judge's jurisdiction is limited to investigating and certifying the facts relevant to any contemptuous conduct to the district judge for final determination. 28 U.S.C. § 636(e)(B); Church v. Steller, 35 F. Supp. 2d 215, 217 (N.D.N.Y. 1999) (on a motion for contempt, a magistrate judge functions only to "certify the facts" to the district judge); Stein Indus., Inc. V. Jarco Indus., Inc., 33 F. Supp. 2d 163, 165 (E.D.N.Y. 1999).

In determining whether to certify facts, a magistrate judge may conduct a hearing on the issue of certification. Church, 35 F. Supp. 2d at 217; see also World Food Sys., Inc. V. BID Holdings, Ltd., No. 98 CIV. 8515, 2001 WL 1661925 (S.D.N.Y. Dec. 28, 2001) (magistrate judge held hearing on whether to certify facts to district judge). However, "[a] Magistrate Judge may not conduct a hearing on whether or not a party should be held in contempt." Tenen v. Winter, No. 94-934S, 1996 WL 947560,*8 (W.D.N.Y. July 23, 1996); see also Taberer v. Armstrong World Indus., Inc., 954 F.2d 888, 903 (3d Cir. 1992) (magistrate judge improperly held "show cause" hearing prior to issuing order certifying facts and referring proceedings to the district judge; district judge improperly relied upon factual findings of magistrate judge). Neither of the parties have requested a hearing on the instant

motion for contempt.

Plaintiff has not presented sufficient evidence to demonstrate that defendant's counsel has made a false certification to the court. Plaintiff concedes that he received a package containing at least a portion of his personnel file from the defendant, consisting of at least twenty-four separate documents. (Doc. #253 at 3, Ex. 2.) Defendant's counsel has stated for the record that the defendant has produced the entire contents of the personnel file. Whether certain documents should have been included within the production of plaintiff's personnel file may be an issue that the plaintiff would choose to raise at trial. On the current record, however, a contempt or sanctions order is not justified.

The plaintiff has not met his burden of proving by "clear and convincing" evidence that the defendant violated a "clear and unambiguous" order of the court. <u>Local 638</u>, 81 F.3d at 1171. Accordingly, the court declines to certify the facts to the assigned district judge, as contemplated by 28 U.S.C. § 636(e). For the same reasons, the court denies the plaintiff's motion for sanctions.

SO ORDERED at Hartford, Connecticut this 16th day of June, 2006.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge