UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN CESLIK, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 3:04CV2045(AWT) |
| MILLER FORD, INC. a/k/a<br>MILLER FORD-NISSAN-VW, | : | |
| Defendant. | : | |

## RULING ON PLAINTIFF'S MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER

The plaintiff, Stephen Ceslik, brings this action against his former employer, Miller Ford, alleging, inter alia, that he was terminated in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. Pending before the court is the plaintiff's "motion to quash subpoena and motion for protective order regarding proposed deposition of Attorney Richard Johnson." (Doc. #433.)

The plaintiff is appearing pro se. Mr. Johnson, a Connecticut attorney, does not have an appearance in this case and does not represent the plaintiff in this matter. Rather, he appears to be a possible witness: the plaintiff listed Mr. Johnson as a witness in his Rule 26 initial disclosures. In addition to whatever he witnessed, Mr. Johnson assisted the plaintiff with the filing of his EEOC complaint. According to the plaintiff, the plaintiff "finalized his EEOC complaint in the

office of Attorney Richard A. Johnson, Trumbull, Connecticut, who notarized the plaintiff's complaint." (Doc. #82 at 4.) When the defendant moved to dismiss the plaintiff's complaint on the grounds that he had failed to timely file a charge with the EEOC, the plaintiff submitted an affidavit of Mr. Johnson in opposition. Mr Johnson's affidavit indicated when he notarized the plaintiff's EEOC complaint form and when he gave the form to the plaintiff. (Doc. #82 at ex. 1.)

Mr. Johnson also is involved in the correspondence between the pro se plaintiff and defense counsel. The plaintiff, apparently distrustful of representations by defense counsel regarding the content of mailings, brings mail sent from defense counsel to Mr. Johnson, who opens the mail in the presence of the plaintiff and Mr. Steger, a non-party. See doc. #327 at 3 ("[F]or some time, the plaintiff has had Attorney Richard A. Johnson open much of the mail from the defendant and Attorney Rhodes with Mr. Steger and the plaintiff present.") Mr. Johnson then avers as to the contents. See doc. ##253 and 396. The plaintiff has submitted to the court affidavits of Mr. Johnson regarding the contents of mail that the plaintiff received from defense counsel. Id.

The defendant served a subpoena on Mr. Johnson. Defense counsel represents that he seeks to wishes to ask Mr. Johnson about topics that are not protectd by the attorney-client

2

privilege. The areas of proposed inquiry include information regarding the plaintiff's prior claims and lawsuits, the filing of the EEOC complaint and a letter Mr. Johnson wrote to the plaintiff's employer. The plaintiff objects to the examination as an invasion of privileged attorney-client communication. He states that Mr. Johnson "has been [his] attorney in a variety of matters over the last 20 years. Even in cases where other attorneys were my attorney of record, I have consulted with Attorney Johnson to obtain 'second opinions' or explanation of what was happening. I have shared confidential information with Attorney Johnson and have discussed with him several aspects of my trial strategy in this case as in past cases." (Doc. #433.) Plaintiff characterizes the deposition as a "flagrant attempt to violate the attorney-client privilege." (Id.)

"[C]ommunications between client and attorney are privileged when made in confidence for the purpose of seeking legal advice." Blumenthal v. Kimber Mfg., Inc., 265 Conn. 1, 10 (2003). "Not every communication between client and attorney, however, is protected by the attorney-client privilege." PSE Consulting, Inc. v. Frank Mercede and Sons, Inc., 267 Conn. 279, 330 (2004). "A communication from attorney to client solely regarding a matter of fact would not ordinarily be privileged, unless it were shown to be inextricably linked to the giving of legal advice." Olson v. Accessory Controls & Equipment Corp., 254 Conn. 145, 157

3

(2000). "[S]tatements made in the presence of a third party are usually not privileged because there is then no reasonable expectation of confidentiality." State v. Cascone, 195 Conn. 183, 186 (1985). "The burden of proving each element of the privilege, by a fair preponderance of the evidence . . . rests with. . . the party seeking to assert the privilege." PSE Consulting, Inc., 267 Conn. at 330.

The plaintiff's concern about a possible breach of attorney-client privilege is not sufficient to warrant precluding the deposition of Mr. Johnson. "An order precluding the deposition of a witness is of course the exception rather than the rule in federal court . . . ." Martin v. Valley Nat. Bank of Arizona, 140 F.R.D. 291, 314 (S.D.N.Y. 1991). See Investment Properties International, Ltd. v. IOS, Ltd., 459 F.2d 705, 708 (2d Cir. 1972) ("[A]n order to vacate a notice of taking [of a deposition] is generally regarded as both unusual and unfavorable."); Naftchi v. New York University Medical Center, 172 F.R.D. 130, 132 (S.D.N.Y. 1997) ("[I]t is exceedingly difficult to demonstrate an appropriate basis for an order barring the taking of a deposition."); Speadmark, Inc. v. Federated Dept. Stores, Inc., 176 F.R.D. 116, 118 (S.D.N.Y. 1997) ("An order barring a litigant from taking a deposition is most extraordinary relief."); Scovill Mfg. Co. v. Sunbeam Corp., 61 F.R.D. 598, 603 (D. Del. 1973) (Existence of attorney-client privilege is not one of those

4

circumstances which would justify an order that a deposition of plaintiff's house counsel not be taken at all, and at the noticed depositions plaintiff could object to questions it considered improper and advise the house counsel not to answer.)

"[T]he need for protection [in a deposition] usually cannot be determined before the examination begins, and the moving party can be adequately protected by making a motion under Rule 30(d) if any need for protection appears during the course of the examination." Wright, Miller & Marcus, 8 Federal Practice and Procedure § 2037 at 494 (2d ed. 1994). Fed. R. Civ. P. 30(d)(1) provides that a party may instruct a deposition witness not to answer when necessary to preserve the attorney-client privilege. Accordingly, the normal practice is to allow a deposition to go forward and have the parties complete as much of it as possible before reaching an impasse. In that way, the parties create a record of where questionable inquiries, objections or assertions of privilege arose and furnish a context for the disputes when a party makes a motion to resolve the dispute (either to compel answers or to enforce privileges and objections). Based upon a concrete record, the court facing that later motion then can determine whether a particular line of questions should or should not be answered or whether an objection or privilege has merit. "The benefit of this approach of first attempting to conduct the deposition then seeking judicial intervention on particular

matters is that there is a fleshed out record that focuses the court's inquiry on whether a particular question is or is not privileged." Pritchard v. County of Erie, No. 04CV534C, 2006 WL 2927852, at *5 (W.D.N.Y. Oct. 12, 2006).

For these reasons, the plaintiff's motion to quash and motion for a protective order (doc. #433) are denied.

SO ORDERED at Hartford, Connecticut this 19th day of June, 2007.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge